**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Arizona Superior Court; Hon. Judge Brian Ishikawa; Linda Akers; John L. Grassy; Guardian Ad Litem; Arizona Department of Economic Security; Amanda Jackson; Desiree' Granillo; Kelly Jares; Alisha Shumway; Kindra Portillo; Dr. Connie Pyburn, Psychologist; City of Mesa; Police Officer Perez No. 128222; and Police Officer Standridge No. 18170,<br><br>　　　　Defendants. | No. CV-10-1194-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. # 4), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's Complaint is dismissed as to Defendants Arizona Superior Court; Hon. Judge Brian Ishikawa; Hon. Judge Linda Akers; John L. Grassy; Guardian Ad Litem; Arizona Department of Economic Security; Amanda Jackson; Desiree' Granillo; Kelly Jares; Alisha Shumway; Kindra Portillo; Dr. Connie Pyburn, Psychologist; and the City of Mesa. To the extent that, liberally read, Plaintiff's Complaint states a § 1983

claim against Officer Perez, No. 128222 and Officer Standridge, No. 18170 for the excessive use of force, the Complaint will not be dismissed as to those two defendants only.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

**A.  Legal Standards**

**1.  28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005).

**2.     Rule 8, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable each defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, the complaint must include "a demand for the relief sought. . . . " Fed. R. Civ. P. 8(a)(3). Finally, it must also have "a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

**B. Analysis**

    **1. Plaintiff's Complaint**

Plaintiffs'[1] Complaint is very lengthy and does not simply identify the nature of the claim against each Defendant and the factual basis for it. Nevertheless, the Complaint is sufficiently coherent for the Court to understand that it essentially challenges ongoing dependency or termination proceedings brought against Plaintiff Victor Dema (Father) by the State of Arizona. Plaintiff's Complaint contains a number of allegations against his ex-wife who is, or was at some point, a party to the state termination proceedings below, although she is not a defendant in this action. He further apparently alleges that although he is mentally ill and declines to take the prescribed medication, the state has nevertheless failed to appropriately allege or pursue this failure as a basis for the termination of his parental rights, which is apparently ongoing. He further alleges that CPS, its psychologist and other case workers have otherwise committed various violations of state law and other torts in pursuing the termination of his parental rights.

Father also brings claims against the Superior Court of Arizona as well as two of its judges and his child's guardian ad litem, who are also involved in the proceeding below. Finally he asserts claims against the City of Mesa and two Mesa Police Officers.

Plaintiff earlier sought to remove the ongoing proceedings involving his parental rights and the parental rights of his ex-wife, from state court to this Court. Several months ago this attempt was remanded and dismissed by this Court in light of the *Younger* abstention doctrine. See CIV-09-1710-PHX-MHB. The Ninth Circuit declined to review the matter, and directed it should not be re-raised. A few days after filing the instant Complaint, Father filed a separate action again seeking to remove the ongoing state court proceedings to this

---

[1] Plaintiff Victor Dema also apparently seeks in this action to assert the legal rights of his minor child, H.R.D. It is not apparent, however, that based on what he alleges to be his loss of parental rights, that he has the authority to assert claims on behalf of his minor child. H.R.D.'s status as a possible Plaintiff in this action, however, does not affect the analysis as to the meritlessness of the vast majority of Plaintiffs' claims.

1 Court. As the concurrently filed Order indicates, pursuant to the previous Orders of this
2 Court and the Ninth Circuit the Court remands and dismisses that second attempt to remove
3 Plaintiff's state court proceedings. Just as Plaintiff may not directly remove those
4 proceedings, nor can he indirectly remove them by asserting claims here for which those state
5 court proceedings provide an adequate forum. Thus, Plaintiffs' claims against Arizona
6 Superior Court, its specifically named employees, the Arizona Department of Economic
7 Security and its specifically named employees are dismissed. the Plaintiff cannot frustrate
8 the ongoing state proceedings by bringing simultaneous federal claims against those who are
9 involved in the proceedings below because of their conduct during those proceedings. As
10 this Court has previously noted, Plaintiff has an adequate opportunity to assert such matters
11 through the existing state court proceeding.

12 Further, Plaintiff's claims against a number of the Defendants would, at any rate, be
13 appropriately dismissed on other additional grounds. At least some of the Defendants are
14 judges sued in their official capacity. As the Supreme Court has often explained, judges are
15 immune from suits seeking money damages. *Mireles v. Waco,* 502 U.S. 9 (1991) (collecting
16 cases). "Although unfairness and injustice to a litigant may result on occasion, 'it is a
17 general principle of the highest importance to the proper administration of justice that a
18 judicial officer, in exercising the authority vested in him, shall be free to act upon his own
19 convictions, without apprehension of personal consequences to himself." *Id.* (quoting
20 *Bradley v. Fisher,* 13 Wall 335, 347, 20 L.Ed. 646 (1872)).

21 There are two exceptions to the rule of judicial immunity. First, judicial immunity
22 does not shield "*nonjudicial* actions, *i.e.*, actions not taken in the judge's judicial capacity."
23 *Id.* at 11. Second, judicial immunity does not protect "actions, though judicial in nature,
24 taken in the complete absence of all jurisdiction." *Id.* at 12. Even when a judicial act is taken
25 for some improper personal reason, judicial immunity applies. As the Supreme Court has
26 explained, judicial immunity "applies even when the judge is accused of acting maliciously
27 or corruptly." *Pierson v. Ray,* 386 U.S. 547, 554 (1967). This is so, because recognizing the
28

1  immunity in all cases promotes the public's interest in having judges who are free to use their
2  judicial authority independently without fearing retribution.

3  The claims stated against the judges are claims that appear to arise from the
4  consequences of their legal rulings. Such claims are asserted against the judges in their
5  official capacity. Such claims are, therefore, dismissed.

6  Further, to the extent that the Plaintiff claims that the Defendants violated provisions
7  of state law, those violations do not, absent unusual circumstances that are not suggested
8  here, result in the deprivation of a federal right. Thus, such claims do not amount to § 1983
9  claims on which Plaintiff apparently stakes his jurisdictional claims. As well, respondeat
10 superior liability does not exist in § 1983 claims. Therefore, the City of Mesa is not liable
11 for a § 1983 violation based alone on the acts of its employee police officers. Because the
12 Court can discern no other claim for liability against the City of Mesa based on the
13 Complaint, the Complaint is dismissed.

14 Nevertheless, Plaintiff states a § 1983 claim for the excessive use of force against
15 Officers Perez and Standridge in paragraph XXIV-XXIX of the Complaint. Plaintiff alleges
16 that Officers Perez and Standridge from Mesa Police Department's "death squad" "fired two
17 deadly shots into Plaintiff's bare and unarmed body from a range of about 25 feet into His
18 private home" without sufficient cause. The Court obviously does not construe the
19 allegations to mean that the actions of the officers resulted in the Plaintiff's death, but rather
20 were excessive. Because, unlike the remainder of Plaintiff's claims, this claim seems
21 severable from the proceedings that are already occurring in state court, and because it
22 appears to state a claim for excessive force under § 1983, this cause of action will not be
23 dismissed. Plaintiff will be able to pursue this claim. Nevertheless, to the extent that the
24 Complaint refers to death squads, such language is stricken from the Complaint.

25 **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court
26 Without Prepaying Fees or Costs (Dkt. #4) is granted. Plaintiff shall be responsible for
27 service by waiver or of the Summons and Complaint.

1     **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Defendants Arizona Superior Court; Hon. Judge Brian Ishikawa; Hon. Judge Linda Akers; John L. Grassy; Guardian Ad Litem; Arizona Department of Economic Security; Amanda Jackson; Desiree' Granillo; Kelly Jares; Alisha Shumway; Kindra Portillo; Dr. Connie Pyburn, Psychologist; and the City of Mesa are dismissed from this action.

    **IT IS FURTHER ORDERED** that Plaintiff has stated a single § 1983 claim for the excessive use of force against Officer Perez, No. 128222 and Officer Standridge, No. 18170. These two defendants remain in this action.

    DATED this 15th day of June, 2010.

_____
G. Murray Snow
United States District Judge